UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

AMOS BANKS                                        CIVIL ACTION

VERSUS                                            NUMBER: 09-7672

ORLEANS PARISH PRISON, ET AL.                     SECTION: "N"(5)


                        **REPORT AND RECOMMENDATION**

    Amos Banks, hereinafter referred to as plaintiff, has instituted suit on the standardized form utilized by inmates for voicing a complaint pursuant to 42 U.S.C. §1983. He has named as defendants herein the following employees of the Orleans Parish Criminal Sheriff's Office: Warden Golini, Lt. Thompson, Sgt. Jefferson and Nurses Favis and Bell of the jail medical department. The gravamen of plaintiff's stated complaint is that he was denied medical attention for a skin condition for a five day period in September, 2009. (Rec. Doc. 3).

    However, this was not what he complained of during a preliminary conference with the Court on June 3, 2010. At that

time, plaintiff advised that he was housed in Tent City in the Orleans Parish Prison system subsequent to his arrest in June, 2009. Sometime in August of that year, the air conditioning system in the tent to which he was assigned went out.

Plaintiff advised that he is unable to sweat and, therefore, he could not cool himself. When he complained to guards, he was initially told by an unidentified person to go back into the tent where air conditioning had failed or he would become subject to discipline. Plaintiff then asked to see a ranking officer to complain. Eventually, plaintiff was told by another unidentified officer to go into a different tent until the air conditioning problem in his tent could be rectified. It took approximately four hours for the malfunction in the air conditioning system in his tent of residence to be corrected.

On the face of his complaint, plaintiff admitted that he did not exhaust administrative remedies as to the issues set for in the complaint itself. (Rec. Doc. 3, p.2). Furthermore, a review of plaintiff's administrative grievances reflects that he did not exhaust administrative remedies as to the incident he articulated to the Court at the time of preliminary conference.

Plaintiff has instituted suit herein _in forma pauperis_ pursuant to 28 U.S.C. §1915. A proceeding brought _in forma pauperis_ may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact,

Booker v. Koonce, 2 F. 3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). The Court is also authorized to look behind the mere allegations of the complaint to examine the evidence which plaintiff might produce in order to determine if a matter should be dismissed as frivolous and/or for failing to state a claim upon which relief might be granted. Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989). Giving the instant allegations a liberal reading, it is the recommendation of the undersigned that this matter be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

A review of the administrative grievances which plaintiff lodged with the Sheriff prior to the filing of this litigation reveals that he has not exhausted his administrative remedies as the law requires. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Defendants have raised the failure to exhaust administrative remedies in their answers to plaintiff's original complaint. (Rec. Doc. 5, p. 4 & Rec. Doc. 12, p. 4).

Orleans Parish Prison utilizes a three-step grievance

procedure which must be exhausted, i.e., all steps must be exhausted before an inmate may institute suit. A review of the grievance documents furnished by the Sheriff's Office to the Court reflects that plaintiff has not completed the final step of the procedure on any of the claims which he has filed or articulated herein. In his initial complaint, plaintiff acknowledge that he had not completed the process when, in answer to Question II(D) on his §1983 form, plaintiff informed the Court that he "was not aware I needed to in order to file suit." (Rec. doc. 3, p. 2).

This is an insufficient reason for plaintiff not to have exhausted his administrative remedies. Therefore, his claims cannot otherwise go forward. However, independent of this, based on the factual information which the Court has received, plaintiff still cannot prevail on his current claims.

The basis of plaintiffs claims, both as articulated in his complaint and has articulated at the preliminary conference, sets forth an alleged deliberate indifference to his serious medical needs. The jurisprudence is well-established that prison officials violate the Eighth Amendment only when they demonstrate deliberate indifference to a prisoner's serious medical needs constituting an unnecessary and wanton infliction of pain. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323 (1991). Deliberate indifference is an "extremely high" standard to meet. <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation

omitted).  A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837, 114 S.Ct. at 1979.  Such a showing requires the inmate to allege that prison "officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"  Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).  Mere allegations of medical malpractice are insufficient to meet the standard of deliberate indifference to an inmate's serious medical needs. (Id.).

Plaintiff has failed to advise the Court what medications he failed to receive for his skin condition and why he needed them.  Nor does he establish why each individual defendant has been named herein.  The doctrine of *respondeat superior* is inoperable in §1983 cases for purposes of making supervisory employees of the Sheriff's office or the Sheriff, himself, personally liable, even if plaintiff failed to receive needed medication.  Plaintiff has neither alleged nor explained to the Court what the causal connection is between the actions or inactions of the named defendants and any damage which he might have sustained.  Without

a causal connexity between the personal actions of a named defendant or a policy and practice established by the Sheriff which caused injury to plaintiff, he cannot prevail herein.

Lastly, the Court notes that, pursuant to 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Here, plaintiff has not established that he suffered physical injury as a result of not receiving his medication or by having the air conditioner fail in his tent. A review of his medical records further indicates that he did not suffer physical consequences as a result of either event. His claims as articulated to the Court are for mental and emotional distress without the requisite physical injury. Jones v. Greninger, 188 F.3d 322, 326, (5th Cir. 1999); Hall v. Mississippi, 2009 WL 648668 at *2 (N.D. Miss. March 12, 2009).

Accordingly, all of plaintiff's claims should be dismissed.

## RECOMMENDATION

IT IS RECOMMENDED that the claims of plaintiff, Amos Banks, against Warden C. Golini, Lt. Thompson, Sgt. Jefferson, and Nurses Favis and Bell be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __14th__ day of ____April____, 2011.

*(signature)*<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE